## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **NAOMI BESSONET,** | * | CIVIL ACTION |
| | * | NO. |
| Plaintiff, | * | |
| | * | SECTION: |
| v. | * | |
| | * | |
| **HAIR CLUB FOR MEN, LLC,** | * | JUDGE: |
| | * | |
| Defendant. | * | |
| | * | MAGISTRATE: |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441(c), and 1446, and without waiving any procedural, substantive, or equitable defenses that it may have, Defendant Hair Club For Men, LLC ("HCM") hereby removes this action from the 24th Judicial District Court for the Parish of Jefferson, Louisiana, to the United States District Court for the Eastern District of Louisiana. In support of its removal, HCM respectfully represents as follows:

1.

Basis For Original-Jurisdiction Removal

Removal is proper because this Court has original jurisdiction over the claims asserted in the Petition, pursuant to both 28 U.S.C. § 1331 (Federal Question) and 28 U.S.C. § 1332 (Diversity of Citizenship). This case was initially filed in in the 24th Judicial District Court for the Parish of Jefferson, Louisiana, on December 20, 2012, under the caption *"Naomi Bessonet v.*

*Hair Club For Men, LLC."* and state-court civil action number 722-305(E).  Plaintiff, Naomi Bessonet ("Plaintiff"), and HCM are the only parties.  A copy of the Petition and all other pleadings, process and orders served on Defendant or filed in the action are attached hereto as Exhibit A.

2.

Original Federal-Question Jurisdiction Under the FMLA and ADA

This action is one over which this Court has original jurisdiction under 28 U.S.C. § 1331, in that it asserts claims predicated upon the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq., as amended ("FMLA"), and the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., as amended ("ADA").  Plaintiff alleges that, as an employee of HCM, she suffered associational discrimination in violation of the ADA and was retaliated against her during her employment. Relying upon similar allegations, Plaintiff alleges that HCM violated the FMLA. (Petition at ¶¶ 3, 5-16.)  Beyond dispute is the fact that district courts of the United States have original jurisdiction over actions arising under the ADA and FMLA.  As such, removal as contemplated by 28 U.S.C. § 1441(a) is appropriate.

3.

Original Diversity Jurisdiction & Amount In Controversy

To any extent required, in addition to the original jurisdiction conferred by 28 U.S.C. § 1331, this Court also has original jurisdiction over other claims in this matter pursuant to 28 U.S.C. § 1332 because: (1) complete diversity of citizenship exists between Plaintiff and HCM; and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

Plaintiff is a resident and domiciliary of Jefferson Parish, Louisiana, and HCM is a Delaware corporation with its principal place of business in the state of Florida. As such, complete diversity exists between the Plaintiff and the sole Defendant.

As for the amount in controversy, the Petition is one from which an amount-in-controversy exceeding the sum of $75,000, exclusive of interest and costs, can be reasonably inferred. Plaintiff claims that as a result of her employment at HCM that she suffered "severe and emotional distress," "mental anguish," "embarrassment and humiliation," "past and future lost wages and benefits," "medical/psychological expenses," and "loss of earning capacity." Notably, the Petition does not allege that there is a "lack of jurisdiction of federal courts due to the insufficiency of damages" as required by La. Code Civ. P. Art. 893A(1).

4.

Timeliness of Removal

Service of the Petition and Citation in the state-court action was made on HCM on January, 16, 2013, by service on HCM's registered agent for service of process. Said service was HCM's first receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. Therefore this Notice of Removal is timely, in that the action is being removed to this Court within the 30-day period prescribed by 28 U.S.C. § 1446(b).

5.

Proper Supplemental Jurisdiction

To the extent that any of Plaintiff's claims are not subsumed in and/or preempted by her claims under the ADA and FMLA, this Court's supplemental jurisdiction over any companion claims is warranted under 28 U.S.C. § 1367(a). Plaintiff's state-law claims, if any, are so closely

related to her federal-question claims that they form part of the same Article III case or controversy. They do not raise any novel or complex issue of state law, do not predominate over the federal-law claims, and there are no exceptional circumstances that should compel this Court to decline jurisdiction.

6.

Immediately after filing this Notice of Removal with the clerk of this Court, HCM will comply with 28 U.S.C. § 1446(d) by causing copies of this Notice to be filed with the Clerk of the 24th Judicial District Court for the Parish of Jefferson, Louisiana, and to be served on all other counsel of record.

7.

HCM hereby reserves all procedural, substantive and/or equitable rights, including any defenses, objections, and exceptions. The filing of this Notice of Removal is subject to, and without waiver of, any and all such rights, defenses, objections, and/or exceptions.

**WHEREFORE**, based upon the foregoing, Defendant Hair Club For Men, LLC. removes the above-captioned action, bearing Civil Action No. 722-305, from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, to this Court. Defendant further prays that its removal be deemed sufficient and hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ Julie D. Livaudais*
Julie D. Livaudais, T.A. (La. State Bar No. 1183)
H. Michael Bush (La. State Bar No. 23430)
**CHAFFE McCALL, L.L.P.**
1100 Poydras Street, Suite 2300
New Orleans, Louisiana  70163-2300

>Telephone:  504-585-7007
>Facsimile:  504-544-6054
>Email: Livaudais@chaffe.com
>Email: Bush@chaffe.com
>
>Attorneys for Defendant, Hair Club for Men, L.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that, on this 7th day of February, 2013, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record as CM/ECF participants.  I have further served a copy of the foregoing on counsel for Plaintiff via electronic mail, facsimile, and/or by placing same in the United States Mail, postage prepaid and properly addressed, as follows:

>Jill L. Craft, Esquire
>509 St. Louis Street
>Baton Rouge, Louisiana 70802
>
>
>*/s/ Julie D. Livaudais*