

**24TH DISTRICT COURT FOR THE PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

CASE NO. 722-305  DIVISION: E

**NAOMI BESSONET**

**VERSUS**

**HAIR CLUB FOR MEN, LLC**

FILED: _____  _____
DEPUTY CLERK

### FIRST MOTION AND ORDER FOR EXTENSION OF TIME WITHIN WHICH TO PLEAD

On motion of Defendant, Hair Club for Men, L.L.C., appearing herein through undersigned counsel, and on suggesting to the Court that a response is due on or about January 31, 2013, and that counsel has just been assigned this matter for handling and will require additional time to investigate this matter before filing a response, and on further suggesting that no prior extension of time has been sought, and plaintiff has not filed in the record an objection to this extension of time;

**IT IS HEREBY ORDERED** that Hair Club for Men, L.L.C. be and is hereby granted, an additional (15) days, or until February 15, 2013 within which to respond to Plaintiff's Petition.

Gretna, Louisiana, this 6th day of February, 2013.

_____
JUDGE

Respectfully submitted,

_____
Julie D. Livaudais, LA Bar No. 01183
H. Michael Bush, LA Bar No. 23430
CHAFFE McCALL, L.L.P.
2300 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
ATTORNEYS FOR DEFENDANT,
HAIR CLUB FOR MEN, L.L.C.

### CERTIFICATE OF SERVICE

I do hereby certify that I have on this 30th day of January, 2013, served a copy of the foregoing First Motion for Extension of Time on plaintiff, by mailing the same by United States mail, properly addressed, and first class postage prepaid.

_____

EXHIBIT A

IMAGED FEB 0 6 2013
722-305

24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

DOCKET NO. 722-305 DIV. E

NAOMI BESSONET

VERSUS

HAIR CLUB FOR MEN, LLC

*************************************************

### PETITION

The Petition of Naomi Bessonet, a resident of the full age of majority of Jefferson Parish, Louisiana, respectfully represents:

1.

Made defendant herein is Hair Club for Men, LLC, a foreign corporation authorized and actually doing business in Jefferson Parish, Louisiana, which is justly and truly indebted unto Petitioner for all sums as are reasonable under the premises, liquidated damages as allowed by law, attorney's fees, all costs of these proceedings, legal interest thereon from the date of demand until paid, and all such other relief to which Petitioner is entitled at law or in equity.

2.

On November 14, 2006, Petitioner was hired as a technician at the Hair Club location on 2450 Severn Ave., Suite 500, Metairie, Louisiana. At the time of her hire, she was directly supervised by Celeste Valeary, Stylist Supervisor, and Virginia Price, Manger. Melody LeGoff became Petitioner's Manager in 2011.

3.

At all times pertinent hereto, Hair Club was Petitioner's employer within the meaning and intent of the Family and Medical Leave Act (FMLA) and Louisiana law, La. R.S. 23:301, *et seq.*, and employed greater than 500 employees.

4.

At all times pertinent hereto, Valeary and LeGoff were employees of defendant Hair Club and supervisors of Petitioner with immediate and successively higher authority over Petitioner.

5.

Throughout her employment, Petitioner enjoyed a spotless employment record until Petitioner's mother was diagnosed with terminal pancreatic cancer on March 15, 2012. At all times

IMAGED  DEC 21 2012

pertinent hereto, Petitioner was affiliated with a qualified individual with a disability with a serious health condition within the meaning and intent of Louisiana's anti-discrimination laws and the FMLA.

6.

Immediately upon learning of her mother's terminal diagnosis on March 10, 2012, Petitioner advised her supervisor, Valeary, and also advised defendant Hair Club, through LeGoff, of her mother's serious health condition and disability and, further, that she was requesting FMLA to care for her dying mother. At that time, defendant Hair Club, through LeGoff, specifically advised Petitioner "to not let her mom's diagnosis with pancreatic cancer affect you at work because you will be watched over by [LeGoff and Valeary] as well as higher ups 100%". On both occasions, Petitioner requested FMLA.

7.

In response to Petitioner's requests for FMLA and her affiliation with a disabled person, defendant Hair Club, through Valeary and LeGoff gave Petitioner her first ever write up. The March 15, 2012, write was unfounded and was not presented to Petitioner until March 30, 2012. Indeed, among the issues cited in the unfounded write up included "Naomi's constant distress" "negatively was affecting the rest of the staff" referring directly to Petitioner's relationship with her dying mother.

8.

On March 30, 2012, Petitioner formally responded to the unfounded March 15, 2012, and included "I feel like I am being unfairly targeted with 'trumped up' verbal notices. These notices have suspiciously surfaced since I inquired about FMLA." Petitioner provided her formal response to defendant Hair Club, through LeGoff, and LeGoff refused to sign for receipt of Petitioner's formal response.

9.

In retaliation for her complaints of violations of the law, on March 29, 2012, defendant Hair Club then presented Petitioner with yet another unfounded write up, through Valeary and LeGoff. This time, Petitioner was "written up" for "taking too many number of absent days without acceptable notice - Verbal warning." In this disciplinary notice, defendant Hair Club specifically referred to Petitioner's mother's cancer diagnosis and then set about to "counsel" Petitioner for absences occurring on March 5, 2011, March 17, 2001, May 17, 2011, June 14, 2011, November 30, 2011, and one on February 11, 2012, directly relating to Petitioner's having taken time off to care for her dying

mother. Notably, the 2011, absences were neither timely nor founded as they had occurred more than a year previously, Petitioner had never been even counseled for same, and during that same 2011 time frame, Petitioner had been given a glowing evaluation. On March 30, 2012, Petitioner received the FMLA request paperwork. Thereafter, on April 4, 2012, Petitioner was again subjected to another unfounded write up by defendant Hair Club, through Valeary and LeGoff, accusing her of receiving client complaints by three (3) individuals which were false.

10.

On April 10, 2012, after Petitioner's mother's physician had completed the FMLA request paperwork, Petitioner formally submitted her request for FMLA to assist her dying mother. In response, defendant Hair Club, through LeGoff, specifically advised Petitioner that Hair Club does not continue the employment of an individual who misses work - even for a dying parent - and that Petitioner's employment was in jeopardy.

11.

Although Hair Club, through its HR Department in Florida approved the request for intermittent FMLA, its harassment of Petitioner intensified. On virtually a daily basis, Hair Club, through Valeary and LeGoff, made repeated references to Petitioner missing work to care for her dying mother and that "they" would punish her for taking intermittent FMLA, including termination, made repeated references to Petitioner's affiliation with her disabled mother, implying that her mother would be better off dead, and constantly berating Petitioner for taking FMLA time to assist her mother during doctor visits and surgery.

12.

Petitioner reported the on-going harassment to Mr. Landon, Hair Club Regional Manager, who did nothing to remedy the situation in Petitioner's working environment.

13.

On May 12, 2012, and in retaliation for Petitioner's report of unlawful workplace conduct, defendant Hair Club then wrote Petitioner up for NOT taking a long enough lunch on April 4, 2012, April 10, 2012, April 11, 2012, April 13, 2012, April 28, 2012, May 4, 2012, and May 11, 2012. Again, in this disciplinary notice, defendant Hair Club, through Valeary and LeGoff, made specific, negative reference to Petitioner's FMLA and affiliation with her dying mother: "Furthermore, Naomi was at work 5 days out of the 2 week pay period as she was on FMLA the other days. It is unacceptable for her to have missed so many punches (sic) in so few days..."

IMAGED DEC 21 2012

722805

14.

Finally, on June 12, 2012, Petitioner was terminated from her employment with defendant Hair Club on account of her protests of illegal conduct, her affiliation with a disabled person, and her request for and use of FMLA. In the termination meeting on June 12, 2012, defendant Hair Club, through Valeary and LeGoff, specifically referred to Petitioner's relationship with her dying mother and that Petitioner was missing too much time from work because she was on FMLA.

15.

Petitioner contends that defendant Hair Club failed to have in full force and effect an effective policy regarding disability-based discrimination, retaliation/reprisal, and/or FMLA. Petitioner further contends, that in spite of her reports of illegal conduct, including harassment on account of her affiliation with her dying mother and her request and use of FMLA, defendant Hair Club did nothing, performed no investigation, and illegally terminated Petitioner.

16.

On June 16, 2012, Petitioner filed complaints of discrimination, retaliation, and FMLA violations with the EEOC and LCHR. Petitioner also sent demand pursuant to La. R.S. 23:303 to defendant Hair Club on July 31, 2012, to which Petitioner received no response. Petitioner contends all prerequisites to suit herein pursuant to La. R.S. 23:301, *et seq.*, La. R.S. 23:967, and the FMLA have been met and/or complied with. Petitioner has not yet received a Notice of Right to Sue from the EEOC and thus, reserves her right to amend this lawsuit upon receipt of the Notice of Right to Sue for her ADA claims.

17.

As a result of the situation sued upon herein, Petitioner sustained damages which include, but are not limited to, severe and extreme emotional distress, mental anguish, embarrassment and humiliation, past and future lost wages and benefits, medical/psychological expenses, loss of earning capacity, and all such other damages as will be more fully shown at trial of this matter and all for which Petitioner specifically sues for herein.

18.

Petitioner additionally shows that defendant Hair Club acted in wanton and/or reckless disregard to her rights under the FMLA and is thus liable unto Petitioner for liquidated damages as allowed by law.

19.

IMAGED   DEC 21 2012            722305

Petitioner is entitled to an award of attorney's fees pursuant to Federal and Louisiana law.

20.

Petitioner is entitled to all such other relief afforded her at law or in equity.

21.

Petitioner is entitled to and desires trial by jury of this matter.

WHEREFORE, Petitioner, Naomi Bessonet, prays for trial by jury and after due proceedings are had that there be judgment herein in her favor and against defendant, Hair Club for Men, LLC, for all sums as are reasonable under the premises, liquidated damages as allowed by law, attorney's fees, all costs of these proceedings, legal interest thereon from the date of judicial demand until paid, and all such other relief to which she is entitled at law or in equity.

RESPECTFULLY SUBMITTED

JILL L. CRAFT, La. Bar Roll No. 20922
Attorney at Law, LLC
Crystal LaFleur, La. Bar Roll No. 27490
Amanda E. Love, La. Bar Roll No. 32232
631 North Street
Baton Rouge, Louisiana 70802
Telephone: (225) 663-2612
Fax: (225) 663-2613

PLEASE SERVE:

Hair Club for Men, LLC
through its agent for service of process,
Corporation Service Company
320 Somerulos Street
Baton Rouge, Louisiana 70802

24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

DOCKET NO. 722-305 DIV. _____

NAOMI BESSONET

VERSUS

HAIR CLUB FOR MEN, LLC

**************************************************

**VERIFICATION**

STATE OF LOUISIANA
PARISH OF EAST BATON ROUGE

BEFORE ME, Notary Public, personally came and appeared:

Naomi Bessonet

a resident of the full age of majority of Jefferson Parish, Louisiana, who upon being duly sworn did depose and state that she is the Petitioner in the above and foregoing Petition, that she has read same and all facts and allegations contained therein are true and correct.

_____
Naomi A. Bessonet

SWORN TO AND SUBSCRIBED before me, Notary Public, this 17th day of Dec., 2012.

_____
ANGELA L. EASLEY
NOTARY PUBLIC
No. 65506

IMAGED  DEC 21 2012          722305

(101) Citation: ISS ORIGINAL PETITION; VERIFICATION                    130110-0598-3

### 24TH JUDICIAL DISTRICT COURT
### PARISH OF JEFFERSON
### STATE OF LOUISIANA

NAOMI BESSONET
    versus
HAIR CLUB FOR MEN LLC

Case: 722-305    Div: "E"
P 1 NAOMI BESSONET

To: HAIR CLUB FOR MEN LLC
THRU ITS AGENT FOR SERVICE OF PROCESS
CORPORATION SERVICE COMPANY
320 SOMERULOS STREET
BATON ROUGE LA 70802

CK# 1960 $23.06

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the **ORIGINAL PETITION/VERIFICATION** of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, within **FIFTEEN (15) CALENDAR** days after the service hereof, under penalty of default.

This service was requested by attorney JILL L. CRAFT and was issued by the Clerk Of Court on the 10th day of January, 2013.

/s/ Kelly B Picou
Kelly B Picou, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk Of Court

_____SERVICE INFORMATION_____

(101) Citation: ISS ORIGINAL PETITION; VERIFICATION                    130110-0598-3

Received:_____   Served:_____   Returned:_____

Service was made:
   ___ Personal   ___ Domicilary _____

Unable to serve:
   ___ Not at this address   ___ Numerous attempts _____ times
   ___ Vacant                ___ Received too late to serve
   ___ Moved                 ___ No longer works at this address
   ___ No such address       ___ Need apartment / building number
   ___ Other _____

Service: $_____   Mileage: $_____   Total: $_____

Completed by:_____ # _____
               Deputy Sheriff
Parish of: _____

Imaged 01/10/2013 09:39 - Signed: Deputy Clerk of Court /s/ Kelly B Picou

 

(101) Citation: ISS ORIGINAL PETITION; VERIFICATION       130110-0598-3

24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

NAOMI BESSONET
versus
HAIR CLUB FOR MEN LLC

Case: 722-305   Div "E"
P 1 NAOMI BESSONET

To: HAIR CLUB FOR MEN LLC
THRU ITS AGENT FOR SERVICE OF PROCESS
CORPORATION SERVICE COMPANY
320 SOMERULOS STREET
BATON ROUGE LA 70802

CK# 1960 $23.06



PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the **ORIGINAL PETITION/VERIFICATION** of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, within **FIFTEEN (15) CALENDAR** days after the service hereof, under penalty of default.

This service was requested by attorney JILL L. CRAFT and was issued by the Clerk Of Court on the 10th day of January, 2013.

/s/ Kelly B Picou
Kelly B Picou, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk Of Court

_____SERVICE INFORMATION_____

(101) Citation: ISS ORIGINAL PETITION; VERIFICATION       130110-0598-3

Received:_____  Served:_____  Returned:_____
                                                JAN 16 2013

Service was made:
___ Personal      ___ Domiciliary _____ made service on the named party through the
                                          Corporation Services

Unable to serve:
___ Not at this address   ___ Numerous attempts       times of this document to
___ Vacant                ___ Received too late to serve    PAULA GLASER    JARY CLAFLIN
___ Moved                 ___ No longer works at this address
___ No such address       ___ Need apartment / building number
___ Other _____

                                                    Deputy Sheriff, Parish of East Baton Rouge, Louisiana

Service: $_____  Mileage: $_____  Total: $_____

Completed by:_____  #_____
              Deputy Sheriff
Parish of:_____

IMAGED JAN 23 2013